T.C. Memo. 2000-136

UNITED STATES TAX COURT

DANIELA ALDEA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19523-98.                    Filed April 12, 2000.

Daniela Aldea, pro se.

<u>Jeremy McPherson</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $1,230 in petitioner's 1995 Federal income taxes.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

After concessions, the issues for decision are: (1) Whether petitioner is entitled to a deduction for charitable contributions; (2) whether petitioner is entitled to deduct unreimbursed employee automobile expenses; and (3) whether petitioner is entitled to deduct automobile expenses from her Amway business.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Fairfield, California, at the time her petition was filed.

## Background

In 1995 petitioner resided in Yuba City, California, and worked as an apprentice ironworker. She received job assignments through a union hall located in Sacramento, California, and worked in various locations in California during 1995, including 63 days in Salinas, 49 days in Santa Cruz, 22 days in Sacramento, 16 days in Modesto, 13 days in Stockton, and 11 days in San Francisco. Between jobs petitioner reported to the union hall in the morning, and if there was work available, she would then drive from the union hall to the job site. After obtaining work, petitioner reported directly to the job site until the job was completed.

On Schedule A, Itemized Deductions, of her Form 1040, U.S. Individual Income Tax Return, petitioner claimed itemized

deductions of $10,503. In addition to claiming deductions for taxes paid, petitioner claimed deductions for $1,160 in charitable gifts made to her churches and $9,297 in unreimbursed employee expenses related to her job as an ironworker. Petitioner included in the unreimbursed employee expenses a deduction for $6,758 in automobile expenses based on 22,525[1] miles driven from her home in Yuba City to the union hall in Sacramento and from her home to each of the various job sites. Petitioner used the standard rate of 30 cents per mile to compute the deduction.

During 1995, petitioner also was engaged in marketing Amway products. She reported gross income of $365 and expenses of $3,712 from her Amway activity on Schedule C, Profit or Loss From Business. The expenses included $1,801 for vehicle expenses, $708 for utilities, and $1,203 for seminars, tapes, and books.

In the notice of deficiency, respondent disallowed $8,094 of petitioner's Schedule A itemized deductions and $1,582 of petitioner's Schedule C deductions. Respondent's determinations reduced petitioner's itemized deductions to an amount less than the allowable standard deduction. Petitioner's tax liability, therefore, was determined using the standard deduction for 1995.

---

[1] Although the parties stipulated that petitioner claimed automobile mileage deductions for 25,525 miles, petitioner's Form 2106-EZ, Unreimbursed Employee Expenses, indicates that she deducted the standard mileage rate for 22,525 miles.

Respondent concedes that petitioner is entitled to a deduction of $2,465 for job-seeking expense based on the 8,216 miles driven by petitioner between her home in Yuba City and the union hall in Sacramento during periods when petitioner was engaged in job hunting. The parties agree that petitioner is entitled to additional itemized deductions of $130 for education expenses, $281 for safety equipment, $1,171.13 for union dues, and $166 for work tools. Petitioner concedes that she is not entitled to a deduction for uniforms and cleaning. Thus, the only remaining issues regarding petitioner's itemized deductions are whether she is entitled to a deduction of $1,160 for charitable contributions and whether she is entitled to a deduction of $4,293 for miles she claims she drove to and from temporary work assignments.

With regard to petitioner's loss from Amway activity reported on Schedule C, petitioner has conceded that she is not entitled to deductions for seminar expenses beyond the $20 allowed by respondent. The only remaining issue concerning petitioner's Schedule C deductions is whether petitioner is entitled to $809 of the vehicle expenses she claimed.

## Discussion

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S.

79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

<u>Charitable Contributions</u>

Section 170(a) allows a deduction for charitable contributions paid during the taxable year subject to certain limitations. Deductions for charitable contributions are allowable only to the extent verified under Treasury regulations. See sec. 170(a)(1). The applicable regulations require a taxpayer to maintain for each contribution of money a canceled check, a receipt from the donee organization showing the date and amount of the contribution, or other reliable written records showing the name of the donee and the date and amount of the contribution. See sec. 1.170A-13(a)(1), Income Tax Regs.

Petitioner has not maintained any of the records required to substantiate her charitable contributions. She testified at trial that she made cash contributions to Romanian churches: $80 to the New Assembly Church and $1,080 to the First Romanian Pentecostal Church.

The only other evidence of petitioner's contributions consists of a 1995 calendar marked with the notation "church" and a dollar amount (usually $20) on each Sunday and two handwritten letters from two different individuals stating that petitioner

attends their churches regularly. The notations on the calendar do not indicate the churches to which contributions were made. Moreover, we are not convinced the notations were made contemporaneously on the calendar. The letters do nothing to support petitioner's claims as they do not identify a church or indicate that petitioner made any contributions. We are not convinced from the record that petitioner made charitable contributions in 1995.

We thus uphold respondent's determination that petitioner is not entitled to deductions for charitable contributions.

Unreimbursed Employee Automobile Expenses

Petitioner contends that she is entitled to deduct the standard mileage rate for the miles she drove between her residence and her various temporary work sites because of the temporary nature of her employment. Respondent does not dispute that petitioner's employment was temporary and concedes that a taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works. Respondent, however, contends petitioner is not entitled to deduct transportation expenses because she did not have a single metropolitan area where she normally worked, and therefore, all of her transportation costs for traveling between her home and the temporary work locations are

nondeductible personal commuting expenses.

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 262, however, provides that no deduction is allowed for personal, living, or family expenses. In general, the cost of daily commuting to and from work is a nondeductible personal expense. See Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs.

Respondent's position in the case at hand is consistent with the two-prong test of Rev. Rul. 94-47, 1994-2 C.B. 18.[2] In order for expenses for transportation between the taxpayer's residence and her job site to be deductible under this test, the taxpayer must establish that her employment at a job site is temporary and the job site is outside the metropolitan area where the taxpayer lives and normally works. See id.

In previous cases respondent has challenged the deductibility of transportation costs on the basis that the employment at issue was not temporary. Therefore, our inquiry generally has not focused on the second prong of the test. The Court, however, in Harris v. Commissioner, T.C. Memo. 1980-56,

---

[2] The two-prong test was first announced in Rev. Rul. 190, 1953-2 C.B. 303, and later amplified and clarified by Rev. Ruls. 90-23, 1990-1 C.B. 28, and 94-47, 1994-2 C.B. 18. Respondent's position also is consistent with Rev. Rul. 99-7, 1999-5 I.R.B. 4, released after the year in issue. Rev. Rul. 99-7 obsoletes Rev. Rul. 190 and modifies Rev. Ruls. 90-23 and 94-47.

affd. in part and remanded in part without published opinion 679 F.2d 898 (9th Cir. 1982), found that the taxpayer, who relied on Rev. Rul. 190, supra, to support the deductibility of his transportation expenses was not entitled to such deductions because he had not established that the work sites at issue were outside the general area of his principal or regular place of employment.[3]  We thus found, without determining whether the jobs were temporary, that the taxpayer was not entitled to deduct transportation expenses.  See Harris v. Commissioner, supra.

In the present case, petitioner points to our finding in Norwood v. Commissioner, 66 T.C. 467 (1976), as support for her position that the temporary nature of her employment is sufficient in and of itself to entitle her to deductions for commuting expenses.  Our disposition of Norwood, however, was based on the parties' framing of the issues; thus the sole focus of our inquiry was whether the employment was temporary.  See id. at 469.  Petitioner also relies on respondent's position in Rev. Rul. 60-189, 1960-1 C.B. 60.  Rev. Rul. 60-189 is irrelevant to petitioner's case as it concerns expenses incurred while

---

[3]  Dahood v. United States, 747 F.2d 46, 48-49 & n.4 (1st Cir. 1984), indicates that the Court of Appeals for the Ninth Circuit remanded Harris v. Commissioner, T.C. Memo. 1980-56, affd. in part and remanded in part without published opinion 679 F.2d 898 (9th Cir. 1982), because it questioned whether the evidence supported our findings of fact and not because the Court of Appeals for the Ninth Circuit disagreed with the two-prong test as a matter of law.

traveling away from home[4] and is factually distinguishable from petitioner's situation.  Finally, petitioner points to Rev. Rul. 94-47, 1994-2 C.B. at 19, as support for her position, but the relevant portion of the revenue ruling supports respondent's position:  "A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a <u>temporary</u> work location <u>outside</u> the metropolitan area where the taxpayer lives and normally works."

Respondent denied petitioner's deduction for transportation expenses from her residence to her temporary work locations because petitioner does not ordinarily work in the metropolitan area in which she lives.  Respondent's denial is consistent with his position in relevant revenue rulings.  Respondent has not conceded that the temporary nature of a job in and of itself is a sufficient basis for transportation expenses to be deductible.

Petitioner has not established any business reason for living in Yuba City; her decision to live there was entirely personal.  Cf. <u>Tucker v. Commissioner</u>, 55 T.C. 783, 785-788 (1971).  The record does not indicate that petitioner ever worked in, had the prospect of work in, or had any other business tie to Yuba City.  The union hall where petitioner received her job assignments was in Sacramento, which is south of Yuba City, and

---

[4]  Travel away from home under sec. 162(a)(2) requires that the taxpayer either remain away overnight or for a period requiring sleep or rest.  See <u>United States v. Correll</u>, 389 U.S. 299 (1967).

all of petitioner's work sites were south of Sacramento.

Accordingly, we uphold respondent's determination that petitioner is not entitled to deduct automobile expenses for transportation to her temporary jobsites.

Schedule C Automobile Expenses

Respondent contends petitioner is not entitled to a deduction for $809 of the $1,801 in car and truck expenses she claimed on her 1995 Schedule C because she has not substantiated the mileage she drove for her Amway activities, nor has she presented evidence of the total miles she drove during 1995. Petitioner maintains that she has substantiated mileage from her Amway activity, and thus is entitled to a deduction for the full $1,801 she claimed on her return.

Section 274(d) imposes stringent substantiation requirements for claimed deductions relating to the use of "listed property", which is defined under section 280F(d)(4)(A)(i) to include passenger automobiles. Under this provision, any deduction claimed with respect to the use of a passenger automobile will be disallowed unless the taxpayer substantiates specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). These substantiation requirements supersede the doctrine found in Cohan v. Commissioner, 39 F.2d

540 (2d Cir. 1930), under which we may approximate expenses in certain cases where the exact amount of expense cannot be determined. See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

The elements that must be substantiated to deduct business use of an automobile are: (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner testified that she carried a calendar with her in her car and filled it out each day, recording any Amway business

activity she conducted.  She further testified that she carried a "1995 business miles log" to all of her Amway activities during 1995 and made contemporaneous notes of the activities in the log. The entries in the log and the notations on the calendar generally indicate the miles driven "to show marketing plan" or to attend "seminar/rally".  The mileage entries in the log are preceded by the notation "RT", which petitioner testified stands for round trip but further explained really denotes the one-way mileage to her destinations.  When questioned about the pristine condition of the log and the fact that all entries in the log appear to have been made with the same pen, petitioner explained that she carried the log in a case with a pen.

On the basis of the record as a whole, we find that petitioner has not substantiated all the required elements of her automobile use, her records are not reliable, and her testimony lacks credibility.

Although petitioner's records purport to provide the dates of business use of her automobile, miles driven for each business use, and evidence of business purpose, petitioner has not provided the total mileage for all use of her automobile during 1995.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).  Thus, she has not substantiated all the elements required by the temporary

regulations promulgated under section 274(d).

We also question the reliability of the information recorded in petitioner's records. Despite petitioner's testimony, we find it unlikely that the records were made contemporaneously with the activities recorded given the condition of the mileage log, the appearance of the entries in the log, and the mistakes in the log. When asked at trial how she was able to contribute $40 to a church in Yuba City on March 19, 1995, as indicated by her calendar and by her testimony, when her log indicates she was in Long Beach on March 18 and 19, 1995, petitioner testified that she was actually in Long Beach on March 17 and 18, 1995.

There are other reasons to question the reliability of petitioner's records. According to petitioner's testimony and her mileage logs, on June 9, 1995, she drove a total of 384 miles to and from a job site in Santa Cruz, California, put in hours of work, and after returning home, drove 542 miles round trip to and from Bakersfield, California, to attend a "seminar/rally" for Amway. Petitioner further testified that on days when she had to travel that far, she would usually work a half day or less. It, nonetheless, is difficult to believe that petitioner was able to drive 926 miles in 1 day, perform her duties as an ironworker, even if only for a half day, and attend an Amway seminar. Similarly, petitioner's records indicate that on February 17, 1995, she drove a total of 906 miles and on August 11, 1995, a

total of 740 miles while performing her job duties and attending Amway seminars on both days. Petitioner's records and her explanation of the records indicate that she drove well over 500 miles a day on many of the days she worked at temporary job sites as an ironworker and conducted Amway activities. We find it unlikely petitioner was able to sustain such activity on a regular basis.

Accordingly, we find petitioner is not entitled to mileage deductions beyond those allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.