IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

TAMMY R. KROMHOUT and ERWIN C.N. )
KROMHOUT, )
)
        Plaintiffs, ) TC-MD 190250R
)
     v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant. ) **DECISION**

Plaintiffs appealed Defendant's Notice of Assessment, dated December 28, 2018, for the

2015 tax year. The parties also stipulated to allow Plaintiffs' premature appeal of Defendant's

Notice of Assessment, dated October 14, 2019, for the 2016 tax year. A trial was held on

December 10, 2019, in the courtroom of the Oregon Tax Court. Barbara Jenkins, a certified

income tax preparer, appeared and testified on behalf of Plaintiffs. Plaintiffs did not appear for

trial. Tricia Zuniga appeared on behalf of Defendant but did not testify. Plaintiffs' Exhibits 1 to

11 and Defendant's Exhibits A to I were received into evidence without objection.

## I. STATEMENT OF FACTS

This case is about deductibility of unreimbursed employee expenses for Erwin Kromhout

(Kromhout), who worked as a union pipefitter for multiple companies during the tax years in

issue. Specifically, Kromhout sought to deduct travel expenses for his daily travel between his

home in Lebanon, Oregon to his union assigned work locations in Portland, Oregon. He also

sought deductions for meal expenses based on his long work day, and expenses for tools and

equipment.

Kromhout is a member of the United Association of Journeyman and Apprentices of the

DECISION TC-MD 190250R                                                      1

Plumbing and Pipe Fitting Industry of the United States and Canada, Local 290 (the Union). (Ex. 4) The Union dispatches its members to work with various businesses. The Union's membership verification letter states that Kromhout was not entitled to travel pay or per diem reimbursement for his job assignments during the period October 13, 2014 through June 2018. That while the Union has "travel pay/per diem in specific zones in the local's jurisdiction, Mr. Kromhout did not work in any of these travel pay/per diem zones in the timeframe…" *Id*. Kromhout received job assignments for the relevant time periods as follows[1]:

| Employer | Location | Dates |
|---|---|---|
| Vigor Marine | Swan Island, Portland | 10/13/14 – 9/11/15 |
| Cascade General | Swan Island, Portland | 10/07/15 – 3/18/16 |
| Cascade General | Swan Island, Portland | 4/01/16 – 5/13/16 |
| Cascade General | Swan Island, Portland | 9/07/16 – 7/13/17 |
| MPP Piping | Scio, Oregon | 9/18/17 – |

Kromhout calculated his travel miles going from his home in Lebanon to Swan Island at 167 miles per day times the number of working days using his 2015 and 2016 timecards. Based on Kromhout's calculations he commuted 40,915 miles to work in 2015, and 27,555 miles in 2016. (Ex 3; Ex 8.) Jenkins testified that Swan Island is a huge area where many different companies operate. She testified that Kromhout deducted for meals using the IRS standard meal rate because he often had to work ten-hour days and had a two-hour commute to and from Swan Island. Plaintiffs took a deduction of $2,400 on their 2015 tax return and a deduction of $1,770 on their 2016 return for tools and safety equipment. (Ex 1 at 4; Ex 6 at 4.)

## II. ANALYSIS

The primary issue to be decided is whether Kromhout's mileage for traveling between his residence in Lebanon to temporary work locations in Portland were deductible business expenses

---

[1] Ex 5.

under section 162(a) of the Internal Revenue Code (IRC). The IRC is relevant here, because the Oregon Legislature makes "personal income tax law identical in effect" to the IRC for purposes of determining taxable income of individuals, where possible. ORS 316.007[2]. Plaintiffs in seeking affirmative relief, bear the burden of proof for evidentiary matters. ORS 305.427.

A.      *Mileage expense*

IRC section 162(a) allows deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Conversely, IRC section 262(a) disallows deductions for "personal, living, or family expenses." Generally, a taxpayer cannot deduct the cost of commuting between the taxpayer's residence and their place of business, except where the taxpayer travels "away from home in the pursuit of a trade or business." IRC § 162(a)(2); Treas Reg §1.162-(2)(e); *Comm'r v. Flowers*, 326 U.S. 465, 66 S. Ct. 250, 90 L.Ed. 203 (1946). Courts have interpreted the term "home" to mean their tax home, which is their "principal place of business or employment." *Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004).

In *Bogue v. Comm'r*, the US Tax Court succinctly described three exceptions to the commuting rule cited above:

> "The first exception is that expenses incurred traveling between a taxpayer's residence and a place of business are deductible if the residence is the taxpayer's principal place of business (home office exception). The second exception is that travel expenses between a taxpayer's residence and temporary work locations outside of the metropolitan area where the taxpayer lives and normally works are deductible (temporary distant worksite exception). The third exception is that travel expenses between a taxpayer's residence and temporary work locations, regardless of the distance, are deductible if the taxpayer also has one or more regular work locations away from the taxpayer's residence (regular work location exception)."

---

[2] References to the Oregon Revised Statutes (ORS) are to 2015.

*Bogue v. Comm'r*, 102 T.C.M. (CCH) 41 (TC 2011) at \*6, *aff'd*, 522 Fed. Appx. 169, 2013-1 U.S. Tax Cas. ¶ 50354 (3d Cir. 2013).

The first exception does not apply because Kromhout's principal place of business was not his personal residence. The third exception also does not apply because Kromhout did not assert or provide evidence of any regular work location during the 2015 and 2016 tax years.

The second exception, for commuting to temporary distant worksites, has two parts -- first, the work location must be "temporary," which means "realistically expected to last (and *does in fact last*) for 1 year or less[.]" Rev Rul 99–7, 1999–1 CB 361, 1999 IRB LEXIS 12 (Feb 1, 1999) (Rev Rul 99–7) (emphasis in original). Second, the work location must be "outside the metropolitan area where the taxpayer lives *and* normally works." *Id*. (emphasis changed from original). This means the taxpayer must live and normally work in the *same* metropolitan area. *Austin v. Dept. of Rev.,* 20 OTR 20, 23 (2009); *Aldea v. Comm'r*, 79 T.C.M. (CCH) 1917 (TC 2000)

The parties do not dispute that Kromhout's work assignments were temporary. They disagree on the term "normally" as it relates to the period of time the court should take under consideration. Plaintiffs argue that the court should consider work Kromhout performed for MPP Piping, located in Scio, beginning in September 2017, as evidence that he normally works in the Lebanon-Albany metropolitan area where he lives. Even if the court were to look at Kromhout's assignments after the tax year in issue, his work history shows that all of his job assignments between October 2014 and July 2017 were in Portland. Plaintiffs have not presented a credible argument that Portland is within the Albany-Lebanon metropolitan area. Under these facts the court cannot find that Kromhout normally worked in the metropolitan area in which he lived. Thus, all his mileage going to and from his work represented non-deductible

commuting expenses.

B.    *Meal expense*

Plaintiffs deducted meals and entertainment expenses for each tax year in issue. In support of those expenses they offered no journal, log, or receipts, instead arguing that since Kromhout worked long hours, he should be entitled to a deduction using the federal per diem allowance amounts. Generally, the IRC allows taxpayers to use the "standard meal allowance" method as an alternative to the actual cost method. IRS Pub 463 (2015). The amount allowed varies based on where and when the travel occurs. When considering whether an employee is entitled to a meal expense the travel must meet the requirements of the "sleep or rest rule." A concise history of the "sleep or rest rule" is contained in the case *Bissonnette v. Comm'r*, 127 TC 124 (2006). The short version of the rule is that a taxpayer traveling away from their tax home on business trips as required by their employer and that necessitate a need to sleep or rest, are deductible traveling expenses. The U.S. Tax Court in *Barry v. Comm'r*, 54 T.C. 1210, 1970 WL 2245 (1970), *aff'd*. 435 F2d 1290 (1st Cir 1970), "indicated that the rest period contemplated by the sleep or rest rule … normally involves a rest of sufficient duration to cause an increase in expenses." *Bissonnette* at 131. In *Barry*, the court considered a taxpayer who made one-day business trips lasting 16 to 19 hours in which he rested briefly a few times in his car. The court disallowed the deduction, finding that a brief rest period which "anyone can, at any time, without special arrangement and without special expense, take in his own automobile or office" does not qualify. *Id* at 132. Kromhout's ten-hour work shift and two-hour commute to work might have made his work day difficult but no evidence shows that it necessarily caused an increase in expenses more than any another worker with a long job commute. Plaintiffs' deduction for meals is denied for failure to meet the sleep or rest rule.

C.    *Other deductions*

Plaintiffs took deductions for tools and safety equipment.  A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  IRC § 6001.  Since Plaintiffs did not offer any evidence in support of their deductions, they are disallowed.

## III.  CONCLUSION

Plaintiffs were not eligible for deductions for travel mileage because they represented nondeductible commuting expenses.  Plaintiffs were also not eligible for deductions for meals because the expense did not meet the sleep or rest rule.  Finally, Plaintiffs did not present any evidence in support of their deductions for tools and safety equipment, so those deductions are denied.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on June 12, 2020.*