T.C. Summary Opinion 2015-23

UNITED STATES TAX COURT

LONNIE J. BARTLEY AND KIMBERLY A. BARTLEY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24752-13S.                    Filed March 31, 2015.

Lonnie J. Bartley and Kimberly A. Bartley, pro sese.

<u>Jeffrey L. Heinkel</u>, <u>Erin Kathleen Salel</u>, and <u>Michael S. Hensley</u>, for
respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,373 in petitioners' 2010 Federal income tax. The issues for decision are whether petitioners are entitled to deductions for: (1) commuting expenses paid in traveling between petitioners' residence and several jobsites and (2) certain other unreimbursed employee business expenses.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners resided in California when their petition was filed.

Mr. Bartley worked as a construction superintendent for Far West Contractors Corp. (Far West) from May 2009 to March 2011. Far West's main office is in Garden Grove, California, approximately 60 miles northwest of petitioners' residence. Mr. Bartley's employment required him to regularly work at jobsites away from the main office and even further away from petitioners' residence. While at Far West Mr. Bartley primarily supervised jobsites in the Los

[1](...continued)
Court Rules of Practice and Procedure.

Angeles metropolitan area--specifically in Redondo Beach and El Segundo, California. Occasionally, he would visit a site in Rancho Bernardo, California. For the most part Mr. Bartley would drive directly to the jobsites from his residence.

During his employment Far West did not provide Mr. Bartley with a company vehicle or reimburse him for driving to work. It was Far West's policy not to pay employees to drive to work. Far West also required Mr. Bartley to provide his own personal protection equipment, including protective footwear.

With their 2010 joint income tax return petitioners filed a Schedule A, Itemized Deductions, claiming unreimbursed employee business expenses for the 2010 tax year. Petitioners attached a Form 2106-EZ, Unreimbursed Employee Business Expenses, to their 2010 return, on which they claimed deductions for commuting expenses of $24,448 and other business expenses of $2,482, including expenses for a pair of work boots and an overnight stay at a hotel near one of Mr. Bartley's jobsites.

To substantiate their business expenses, petitioners provided credit card statements with highlighted entries of purported business expenses, most being from Home Depot. Petitioners never explained the business purpose for these purchases, and many of the highlighted entries included amounts for cash

petitioners received back after using their credit card at Home Depot. The credit card statements, however, showed that Mr. Bartley had purchased work boots and stayed overnight at a hotel near one of his jobsites.

Petitioners also prepared a daily commuting log claiming to total the number of miles Mr. Bartley drove each day for Far West. The log did not indicate which jobsites Mr. Bartley had visited each day, nor did it specify the business purposes for the miles driven. At trial Mr. Bartley testified that at least one of the entries in the log was inaccurate. The entries in the log also appeared to have been written all at once with the same pen. Although Mr. Bartley's employer categorized his jobsites as the Redondo Beach site, the El Segundo site, and the Rancho Bernardo site, petitioners argued at trial that each of these jobsites was very large with temporary sites within it that Mr. Bartley would commute between.

Discussion

I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of showing the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1993). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving

entitlement to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see Rule 142(a). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Where expenses involve passenger automobiles and traveling while away from home, no deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use; and (3) the business purpose of the expenditure or use. See secs. 274(d)(4), 280F(d)(4).

II.     Unreimbursed Business Expenses

Petitioners' reported unreimbursed business expenses can be separated into two categories: (1) commuting expenses and (2) other business expenses. Petitioners' other business expenses include an expense for traveling while away from home (traveling expense) and expenses for purchasing work-related clothing and equipment.

A.     Commuting Expenses

Commuting expenses are generally nondeductible personal expenses, regardless of the distances involved. See Fausner v. Commissioner, 413 U.S. 838,

839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs. There are two exceptions to this general rule where, as petitioners argue, the commuting involves a temporary work location. See Bogue v. Commissioner, T.C. Memo. 2011-164, aff'd, 522 Fed. Appx. 169 (3d Cir. 2013). The first exception permits a taxpayer to deduct transportation expenses incurred in going between a taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer normally lives and works. See Gorokhovsky v. Commissioner, T.C. Memo. 2013-65; Bogue v. Commissioner, T.C. Memo. 2011-164; Rev. Rul. 99-7, 1999-1 C.B. 361. The second exception permits a taxpayer to deduct commuting expenses between the taxpayer's residence and a temporary work location, regardless of distance, if the taxpayer also has one or more regular work locations away from the taxpayer's residence. See Bogue v. Commissioner, T.C. Memo. 2011-164.

A work location is temporary if it is realistically expected to last (and does in fact last) for one year or less. Id. Work is temporary only if it can be expected to end within a short time. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). In contrast, a work location is regular if it is a location at which the taxpayer works or performs services regularly. Bogue v. Commissioner, T.C. Memo. 2011-164.

A work location is either a regular work location or a temporary work location--it cannot be both at the same time.  Id.

Mr. Bartley worked well over a year at jobsites in Redondo Beach and El Segundo, California.  There are no facts to suggest that the work at these two sites would end within a short time.  Furthermore, we do not accept petitioners' argument that these two sites should be broken into component parts for purposes of satisfying the rules.  Therefore, they are not temporary work locations, and the exceptions to the general rule that commuting expenses are not deductible do not apply to these sites.  Although Mr. Bartley worked at a site in Rancho Bernardo, California, his daily commuting log did not properly substantiate the number of miles he traveled to this specific site.  We also question the reliability of the information recorded in the commuting log.  Despite petitioners' testimony, we find it unlikely that the log was made contemporaneously with Mr. Bartley's daily commute given the appearance of the entries in the log and the mistakes in the log.  We accordingly sustain respondent's determination with respect to petitioners' claimed deduction for commuting expenses.

B.    Traveling and Other Business Expenses

Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or

business". A necessary expense is one that is "appropriate and helpful" to the taxpayer's business; ordinary expenses are those that are common or frequent in the type of business in which the taxpayer is engaged. Deputy v. du Pont, 308 U.S. 488, 495 (1940); Welch v. Helvering, 290 U.S. at 113.

Traveling expenses are expenses other than commuting expenses incurred while the taxpayer is away from home in the pursuit of a trade or business. See sec. 162(a)(2); Rehman v. Commissioner, T.C. Memo. 2013-71. A traveling expense is a deductible business expense under section 162(a)(2) if the taxpayer shows that (1) the expense was incurred away from home, (2) the expense was reasonable and necessary, and (3) the expense was incurred in pursuit of a trade or business. See Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999). In general, a taxpayer's home for purposes of section 162(a) is the area or vicinity of the taxpayer's nontemporary principal place of employment. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Hamburg v. Commissioner, T.C. Memo. 1989-669. The policy justification for this rule is to afford deductions to the taxpayer who "must" incur traveling expenses for work as opposed to the taxpayer who travels a long distance because of a personal preference of where to live. See Daly v. Commissioner, 72 T.C. 190, 195 (1979), aff'd, 662 F.2d 253 (4th Cir.

1981); <u>Tucker v. Commissioner</u>, 55 T.C. 783, 786 (1971); <u>Daiz v. Commissioner</u>, T.C. Memo. 2002-192.

Although petitioners did not claim a deduction for traveling expenses on their Form 2106-EZ, we characterize petitioners' hotel expense as an attempt to deduct a traveling expense. Petitioners properly substantiated this expense, but it was not incurred "away from home" for purposes of section 162(a). Petitioners' tax home for purposes of this section is the Los Angeles metropolitan area, the place of Mr. Bartley's principal place of employment and also the locale of the hotel. Mr. Bartley was not required by the exigencies of his business to incur the hotel expense because it was petitioners' own decision to live far away from Mr. Bartley's employment. <u>See</u> <u>Daly v. Commissioner</u>, 72 T.C. at 195. Therefore, petitioners cannot deduct the hotel expense as a traveling expense under section 162(a).

Petitioners may claim a business expense deduction for Mr. Bartley's work boots. The cost of work clothing may be deducted under section 162 if the taxpayer can establish that: (1) the clothing was required or essential in the taxpayer's employment; (2) the clothing was not suitable for general or personal wear; and (3) the clothing was not so worn. <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767-769 (1958).

The Court is satisfied that petitioners incurred expenses for work boots. The expense was properly substantiated with a receipt for the purchase of the boots and was verified on petitioners' credit card statement. Because Mr. Bartley's trade was labor intensive, work boots were essential to his employment in the construction industry and we find that these boots were not suitable for general or personal wear. Accordingly, we allow a deduction for the work boots.

The remainder of petitioners' reported business expenses were not properly substantiated because petitioners failed to explain how they related to Mr. Bartley's business. Moreover, some of petitioners' reported business expenses appeared to be for personal cash withdrawals in conjunction with using their credit card to purchase items at Home Depot.

Therefore, we sustain respondent's determination, with the exception that petitioners may claim a business expense deduction for Mr. Bartley's work boots.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.