**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1508
_____

GLENN PATRICK BOGUE,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(No. 12291-09)
Judge:  Honorable Thomas B. Wells

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: June 3, 2013)

_____

OPINION
_____

PER CURIAM

Glenn Patrick Bogue appeals from a decision of the United States Tax Court,

which determined that there were deficiencies in income tax due from Bogue in the

amount of $4,680.80 for taxable year 2005, and $4,961.85 for taxable year 2006, due to

its disallowance of certain of Bogue's business deductions.  For the reasons that follow,

we will affirm the Tax Court's decision.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error and its legal conclusions de novo. See PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). As tax deductions are a matter of legislative grace, the taxpayer bears the burden of showing that expenses are deductible. See INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84 (1992).

On appeal, Bogue argues that three categories of his business deductions should have been allowed: (1) mileage costs; (2) cell phone expenses; and (3) costs of books used for research.[1] The first category requires some discussion; we deal with the second and third in the margin.[2]

---

[1] Bogue does not challenge in his opening brief the disallowance of any other deductions; thus, we deem waived any challenge to those deductions. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998) (issues raised for first time in reply brief not considered).

[2] Bogue did not meet his burden of showing that his cell phone expenses were deductible business expenses. For the years in question, the Internal Revenue Code ("I.R.C.") considered a cellular telephone as "listed property," and thus required strict substantiation of amounts spent for business purposes. I.R.C. §§ 274(d), 280F(d)(4)(A)(v) (2005). Treasury Regulations provide that a taxpayer can take a deduction for expenses in connection with listed property only if "the taxpayer substantiates the requisite elements of each expenditure," including the "business purpose for an expenditure." 26 C.F.R. § 1.274-5T(b)(1) & (b)(6)(iii). Bogue did not produce substantiation showing that his cell-phone use was for business purposes.

As to the deduction for the cost of books used for research for his writing projects, the Tax Court properly disallowed the deduction. Bogue improperly sought to deduct the cost of books purchased between 2001 and 2005 in the 2006 tax year, rather than in the years when the expenditures were made. See I.R.C. § 162(a) (deduction allowed for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on

Costs of commuting between a taxpayer's residence and place of business are generally nondeductible personal expenses. However, the Internal Revenue Service recognizes three exceptions: (1) transportation between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works is deductible ("temporary distant workplace exception"); (2) if the taxpayer has one or more "regular work locations away from the taxpayer's residence," transportation between the taxpayer's residence and a temporary work location is deductible ("regular work location exception"); and (3) transportation between the taxpayer's residence (if the residence serves as the taxpayer's principal place of business) and a regular or temporary work location is deductible ("home office exception"). Rev. Rul. 99-7, 1999-1 C.B. 361 (available at 1999 WL 15135). Before the Tax Court, Bogue argued that he qualified for each of the three exceptions, but in his brief here he pursues only the "regular work location" exception.[3]

Bogue claims that he meets this exception because the bank and various building supply stores were "regular work locations" for him. The Tax Court rejected that

any trade or business"). Thus, we need not reach the issue of whether the expenses otherwise would have been deductible.

[3] Even if we generously construe Bogue's brief to argue that he is eligible for the "temporary distant workplace" exception, the Tax Court did not err in finding that Bogue's workplaces for the years in question, at 20.1, 15.7, 15.0, 14.7, and 4.0 miles from his residence, were not unusually distant from Bogue's residence. See Dahood v. United States, 747 F.2d 46, 48 (1st Cir. 1984). Bogue's brief does not even mention the "home office" exception in his opening brief; accordingly, that argument is waived.

argument, and noted that Bogue did not establish that he worked or performed services at any of those locations. Op. at 32, n.10.[4] Construing a building supply store or bank as a "regular work location" strains the meaning of "work location," as Bogue was at those locations as a customer, rather than a worker. See Rev. Rul. 90-23, 1990-1 C.B. 28 (available at 1990 WL 657156) ("a regular place of business is any location at which the taxpayer works or performs services on a regular basis").[5] We thus affirm the Tax Court's ruling that Bogue's mileage deductions were not allowable business expenses.

For the foregoing reasons, we will affirm the decision of the Tax Court.[6]

---

[4] The Service conceded that Bogue could claim deductions for travel between work sites and supply stores, but he "did not provide sufficient evidence" for those trips. Op. at 34. The Court noted that Bogue was also doing renovation work on his residence (his girlfriend's house) during the period in question, so receipts from building supply stores, without something to tie them to the work sites, did not establish that the trips to the supply stores were for work purposes. Id. at 34-35.

[5] Because Bogue does not meet this exception, we need not determine whether we would otherwise follow this Revenue Ruling. See Skidmore v. Swift & Co., 323 U.S. 134, 139-40 (1944) (federal courts of appeals are not bound by revenue rulings, but afford them weight depending on persuasiveness and consistency of Commissioner's position over time).

[6] Bogue also challenges the constitutionality of this country's income tax system. We have already rejected such arguments as frivolous and need not discuss them further. United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990).