T.C. Summary Opinion 2016-77

UNITED STATES TAX COURT

GARY FREDERICK ROY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3981-15S.                    Filed November 15, 2016.

Gary Frederick Roy, pro se.

<u>Moenika N. Coleman</u> and <u>Linda L. Wong</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  We round all monetary amounts

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $22,418 and a section 6662(a) accuracy-related penalty of $4,483 with respect to petitioner's Federal income tax for 2012. After concessions, the issues remaining for decision are: (1) whether petitioner may deduct car and truck expenses in excess of those respondent allowed; (2) whether petitioner is entitled to a depreciation expense deduction for a vehicle he claimed he used in his trade or business; (3) whether petitioner may deduct legal and professional services expenses; and (4) whether petitioner is liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when he filed his petition.

During the year in issue petitioner owned eMedia, Inc. (eMedia), an aerospace consulting business that provides technical writing services to clients in

---

[1](...continued)
to the nearest dollar.

and around Los Angeles County. Petitioner ran eMedia as a sole proprietorship and operated the business from his home in Long Beach, California.

Petitioner travels to client sites as part of his business. In 2009 petitioner purchased for $75,045 and placed into service an Aston Martin Vantage vehicle (Aston Martin). Petitioner claims he used the Aston Martin in 2012 solely for business purposes--specifically, to drive to the facilities of eMedia's two clients, Hydro-Aire, Inc., and Prefontaine & Assocs., Inc.

Petitioner timely filed a tax return for the 2012 year and reported business expenses relating to his work for eMedia on his Schedule C, Profit or Loss From Business (Sole Proprietorship). On Schedule C petitioner claimed deductions of $21,747 for car and truck expenses (mostly relating to the Aston Martin), $21,636 for depreciation for the Aston Martin, and $41,410 for legal and professional services expenses.

The Internal Revenue Service (IRS) subsequently commenced an examination of petitioner's 2012 tax return. On November 20, 2014, respondent determined a $22,418 deficiency for the 2012 taxable year because petitioner had failed to properly substantiate his car and truck expenses, depreciation expense, and legal and professional services expenses. In addition to the deficiency, respondent determined an accuracy-related penalty of $4,483.

Petitioner timely filed a petition in this Court and thereafter substantiated some of his expenses to the IRS. Petitioner summarized his expenses on a spreadsheet titled "eMedia 2012 Expense Statement". The spreadsheet listed entries for car and truck expenses, vehicle depreciation, and legal and professional services expenses, with their corresponding amounts.

Petitioner's car and truck expenses comprised mainly insurance payments, vehicle registration fees, maintenance, fuel costs, and the expense corresponding to 8,900 miles driven computed at the standard mileage rate. To substantiate these expenses, petitioner provided: car insurance invoices from Wawanesa Insurance; a purchase agreement and maintenance invoices for the Aston Martin; California Department of Motor Vehicles vehicle registration cards; a consumer credit disclosure statement and security agreement for the Aston Martin; illegible fuel receipts; and a sheet of paper that showed the total number of miles petitioner drove in 2012 for eMedia along with a MapQuest printout that showed his driving route from his home to one of eMedia's clients, Hydro-Aire, Inc.

Most of petitioner's claimed depreciation expense deduction was for his Aston Martin. On Form 4562, Depreciation and Amortization, attached to his Form 1040, U.S. Individual Income Tax Return, petitioner claimed a depreciable basis of $121,700 for the Aston Martin. Petitioner believed that the fair market

value of the vehicle, rather than his cost basis of $75,045, was the proper depreciable basis amount.

Petitioner deducted legal services expenses he allegedly incurred to challenge the City of Los Angeles over violations of the Federal Fair Housing Act and the California Unruh Civil Rights Act. On his "eMedia 2012 Expense Statement" petitioner claimed he incurred $40,167 in legal services expenses that he listed as "Consulting fees". To substantiate the legal services expenses, petitioner provided a copy of the docket sheet in his case filed in the Superior Court of California, County of Los Angeles, along with citations of the Internal Revenue Manual (IRM), the Federal Rules of Evidence, the "United States Bill of Rights, 4th Amendment", the Code, and common law regarding privileges to justify his reluctance to provide invoices for attorney's fees. At trial petitioner claimed that his litigation files were lost or destroyed by the City of Los Angeles and that he did not need to provide invoices for attorney's fees because they were covered by attorney-client privilege.

Petitioner deducted as professional services expenses $250 in tax return preparation fees, $507 in professional membership fees, $288 in broker fees, and a $197 d.b.a. filing fee. The only remaining professional expense at issue is the $507 in professional membership fees. To substantiate his professional

membership fees petitioner provided a $255 membership fee invoice from the Institute of Electrical & Electronics Engineers, Inc. (IEEE).

## Discussion

Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to shift the burden, the taxpayer must introduce credible evidence with respect to the issues and have complied with all substantiation and recordkeeping requirements imposed by the Code. Sec. 7491(a)(1) and (2). Credible evidence is that which the Court would find sufficient upon which to base its decision if no contrary evidence were submitted. Higbee v. Commissioner, 116 T.C. 438, 442 (2001). A taxpayer who provides only self-serving testimony and inconclusive documentation does not provide credible evidence. Id. at 445-446.

We decide this case, however, on the preponderance of the evidence. We therefore need not decide whether petitioner satisfied the requirements of section 7491(a). See Blodgett v. Commissioner, 394 F.3d 1030, 1035 (8th Cir. 2005), aff'g T.C. Memo. 2003-212.

Business Expense Deductions

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the year in carrying on a trade or business. An ordinary expense is one that occurs commonly or frequently in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs. A taxpayer may not deduct personal, living, or family expenses unless the Code expressly provides otherwise. Sec. 262(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the expense underlying the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440. When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction.

Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985).  This principle is often referred to as

the Cohan rule.  See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764

(8th Cir. 1995), aff'g T.C. Memo. 1993-197.  The taxpayer must introduce

sufficient evidence to permit us to conclude that the taxpayer paid or incurred a

deductible expense in at least the amount allowed.  See Williams v. United States,

245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. at 742-743.

In estimating the amount allowable, we bear heavily upon the taxpayer who failed

to maintain the required records and to substantiate deductions as the Code

requires.  See Cohan v. Commissioner, 39 F.2d at 544.

Certain expenses specified in section 274 are subject to strict substantiation

rules that supersede the Cohan rule.  Boyd v. Commissioner, 122 T.C. 305, 320

(2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov.

6, 1985).  These include expenses for "listed property" defined under section

280F(d)(4).  Listed property includes passenger automobiles and other property

used for transportation.  Sec. 280F(d)(4)(A)(i) and (ii).

To meet these strict substantiation rules with respect to passenger

automobiles, a taxpayer must substantiate by adequate records or by sufficient

evidence corroborating the taxpayer's own statement (1) the amount of the

expense, (2) the time and place of the travel or use, and (3) the business purpose of the expense. Sec. 274(d) (flush language). To substantiate by adequate records, the taxpayer must provide (1) an account book, a log, or a similar record and (2) documentary evidence that together are sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by other corroborative evidence sufficient to establish such element. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). While a contemporaneous log is not required, a taxpayer's subsequent reconstruction of his or her expenses does require corroborative evidence with a high degree of probative value to support such a reconstruction, in order to elevate that reconstruction to the same level of credibility as a contemporaneous record. Id. subpara. (1), 50 Fed. Reg. 46016.

As a alternative to substantiating the amount of each car and truck expense for a given year, a taxpayer may opt to use the standard mileage rate as established by the IRS for that year. See sec. 1.274-5(j)(2), Income Tax Regs. By using the

standard mileage rate, the taxpayer is not relieved of the obligation to substantiate the amount of each business use of the car or truck (i.e., the amount of business mileage), the time of each use of the car or truck, and the business purpose of each use. Id.

Car and Truck Expenses

It is not clear from the record whether petitioner intended his deduction for car and truck expenses to be based on actual expense amounts or the standard mileage rate. Petitioner submitted both receipts for gasoline (albeit illegible) and a summary of the number of miles he drove in the 2012 tax year. Regardless, petitioner has not demonstrated that he is entitled to a deduction for car and truck expenses in excess of what respondent allowed.

Petitioner testified at trial that he maintained a "vehicle log" and that it was in compliance with the regulations. Petitioner believes that the regulations distinguish between logs for vehicles that are used for business 100% of the time and logs for vehicles that are used for business less than 100% of the time. Petitioner believes that only the latter require a showing of daily activities.

Petitioner's "vehicle log" is a sheet of paper showing mileage at the beginning of the year and mileage at the end of the year for a vehicle described as "EMEDIA-2". The paper simply states that the vehicle's "Business use" was

"100%" and reports "Total Business mileage" of 8,900. Contrary to petitioner's belief, the Code requires strict substantiation for vehicles used 100% for business and vehicles used less than 100% for business. Furthermore, petitioner must adequately show, through direct evidence or otherwise, that he used his vehicle for business purposes for the amount of time that he claims. Petitioner's one-page summary is not adequate substantiation of the level of business use and purpose required under section 274(d). See Lysford v. Commissioner, T.C. Memo. 2012-41. Furthermore, petitioner's summary fails to meet the criteria set out in section 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985), for properly substantiating expenses relating to passenger automobiles. Specifically, petitioner did not record the amount, the time, or the business purpose of each business use of his vehicle. Because petitioner failed to substantiate his claimed car and truck expenses as required by the Code under the standard mileage rate or otherwise, the deduction must be disallowed.

Depreciation Deduction

Section 167(a) allows as a depreciation deduction a reasonable allowance for the "exhaustion, wear and tear" of property used in a trade or business. Where property is used for business and personal purposes, the allowable deduction is measured by the percentage of business use. Noyce v. Commissioner, 97 T.C.

670, 693 (1991); see also Cobb v. Commissioner, 77 T.C. 1096, 1101-1102 (1981). As passenger vehicles are recognized as listed property, to establish a depreciation deduction for passenger vehicles a taxpayer must additionally comply with the strict substantiation rules of section 274(d). See Bogue v. Commissioner, T.C. Memo. 2011-164, 2011 Tax Ct. Memo Lexis 164, *43-*44, aff'd, 522 F. App'x 169 (3d Cir. 2013).

The strict substantiation rule requires the taxpayer to maintain records or other documentary evidence adequate to establish the business purpose and claimed expenditures or depletion. See sec. 1.274-5(c)(2), Income Tax Regs. A taxpayer may substantiate a depreciation expense deduction by corroborating his or her own statement of business purpose with credible circumstantial evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., supra. For example, statements from witnesses setting forth information with respect to a taxpayer's business use are acceptable corroboration. See Clark v. Commissioner, T.C. Memo. 1994-120, 1994 Tax Ct. Memo Lexis 121, at *21-*23.

Although we believe petitioner's testimony that he used the Aston Martin for business purposes, we do not believe his testimony is sufficient to establish that he used it solely for business purposes. Petitioner provided no credible evidence to show that he used the Aston Martin strictly as a business vehicle, and

we find it very unlikely that he did not use it for occasional personal excursions. Without more, petitioner's self-serving testimony does not meet the strict substantiation requirements of section 274(d) for vehicles used in a trade or business. Accordingly, we sustain respondent's determination with respect to this issue.

Legal Services Expenses

The Code does not specifically list legal and other professional services expenses as deductible items. Therefore, a taxpayer's ability to deduct these types of expenditures depends upon the context in which they are paid or incurred. Deductions for amounts paid for legal and other professional services will generally depend on whether the expenses were "ordinary and necessary" and paid or incurred in carrying on a trade or business. See sec. 162(a). To be deductible, ordinary and necessary expenses must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs.

A taxpayer may deduct legal services expenses if the origin of the claim in the proceeding is related to the taxpayer's trade or business or the production of income and was not primarily personal. Woodward v. Commissioner, 397 U.S. 572, 578 (1970); Commissioner v. Tellier, 383 U.S. 687, 689 (1966).

Petitioner provided no direct evidence to substantiate his legal services expenses. Furthermore, he provided no evidence that the alleged expenses he incurred were related to his trade or business or the production of income. Even if petitioner may have incurred legal services expenses to protect the ownership of his personal residence where he operated his business, he must still show that his legal expenses were related to his business or to an income-producing activity. See Swain v. Commissioner, T.C. Memo. 1996-22, aff'd without published opinion, 96 F.3d 1439 (4th Cir. 1996). Petitioner made no argument in relation to this requirement.

Instead petitioner argued that he did not have to provide copies of invoices for the legal fees he incurred because they were covered by attorney-client privilege. But "[n]ot all communications between attorney and client are privileged." Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). For the privilege to apply, it must be shown that the communication was made confidentially to the attorney in his professional capacity in order to obtain legal advice. See Zaentz v. Commissioner, 73 T.C. 469, 475 (1979). This means that absent special circumstances, fee information is not privileged. See Clarke, 974 F.2d at 129. The burden of proving the existence and applicability of

attorney-client privilege rests on the party asserting the privilege. United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009).

Petitioner has not shown that his legal expenses were covered by attorney-client privilege or any other privilege or that any special circumstances exist to prevent him from substantiating his legal services expenses. Petitioner argued at trial that his litigation files were destroyed by the City of Los Angeles perhaps as part of a conspiracy against him, but he did not show that this actually was the case and did not show how this affected his ability to substantiate his legal expenses. More importantly though, petitioner did not demonstrate that the legal services expenses he incurred were related to his trade or business or to any other income-producing activity that he conducted. Therefore, we sustain respondent's determination with respect to this issue.

Professional Expenses

The only remaining professional expense at issue is petitioner's professional membership fees of $507. Petitioner provided evidence to show that he paid a $255 fee to become a member of IEEE. Accordingly, we will allow a deduction for $255 in professional membership fees.

Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of Federal income tax attributable to a taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must present sufficient evidence indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent determined that petitioner was liable for the penalty under section 6662(a) because he substantially understated his income tax for the year at issue. A substantial understatement is an understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). In the light of the concessions between the parties and our holding for petitioner with respect to his professional services expenses, a determination of the exact amount of his understatement requires Rule 155 computations, which we order below. To the extent that the computations establish petitioner substantially understated his income tax, respondent meets the burden of production. See Prince v. Commissioner, T.C. Memo. 2003-247.

When the Commissioner meets the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate--for example, by showing that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, however, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Id.

Petitioner offered no persuasive argument or evidence to show that there was reasonable cause for the deductions he claimed and that he acted in good faith with respect to the underpayment. Petitioner did not challenge respondent's determination regarding the penalty in his petition or in any of his filings with the Court. Petitioner argued that he had used a return preparer only when he was asked to address the accuracy-related penalty at trial.

While reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith, such reliance can establish reasonable cause and good faith "if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith." See id. The taxpayer's actions may be grounded in reasonable cause where the taxpayer selects

a competent tax adviser, supplies the adviser with all relevant information, and, in a manner consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations.  See United States v. Boyle, 469 U.S. 241, 251 (1985); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioner failed to demonstrate that he provided his return preparer with all the relevant information regarding his tax liability.  Petitioner merely gave his return preparer an envelope full of receipts with a spreadsheet summarizing his expenses.  This does not constitute providing a return preparer with all of the relevant information.  See Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978); Castillo v. Commissioner, T.C. Memo. 2013-72.  Moreover, petitioner has not established that his return preparer was competent or that he sought specific advice from the return preparer regarding the Schedule C deductions he claimed on his return.  We find that petitioner has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith with respect to, any portion of his underpayment for the 2012 tax year.  Therefore, we hold him liable for the section 6662(a) penalty insofar as the Rule 155 computations show a substantial understatement of income tax for the 2012 tax year.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.