T.C. Summary Opinion 2017-58

UNITED STATES TAX COURT

MICHAEL WOOTEN AND JOAN WOOTEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25575-15S.                     Filed July 24, 2017.

Michael Wooten and Joan Wooten, pro sese.

<u>Emile L. Hebert, III</u> and <u>Susan S. Canavello</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year at issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,604 in petitioners' 2012 Federal income tax. After concessions, the issues for decision are whether petitioners are entitled to deduct unreimbursed employee business expenses attributable to (1) Michael Wooten's commuting from his residence to temporary worksites and (2) meals he purchased while working at those temporary worksites.

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At all relevant times, petitioners resided in Mississippi.

Mr. Wooten performed plumber/pipefitter services as an employee for James B. Donaghy Mechanical Contractors (Donaghy) from January 30 through March 30, 2012, and for American Air Specialists of Mississippi (AAS) from July 16, 2012, through January 4, 2013. Mr. Wooten's employment required him to regularly work at numerous worksites. While at Donaghy Mr. Wooten worked at four worksites which were in either Gulfport or Biloxi, Mississippi, approximately

---

[1](...continued)
Court Rules of Practice and Procedure.

20-25 miles from petitioners' residence.[2]  Mr. Wooten testified that Gulfport is his "normal work area".  While employed by AAS Mr. Wooten worked at two worksites in Hattiesburg, Mississippi, approximately 56 miles from petitioners' residence.  While employed by AAS Mr. Wooten spent approximately 85% of his time at the Forrest General Hospital worksite.  In 2011 Mr. Wooten was also an employee of AAS and worked at the Forrest General Hospital worksite in Hattiesburg, Mississippi, for six months.  Each workday in 2012 Mr. Wooten drove directly from his residence to his then-current worksite, and at the end of the day he drove directly home.  Neither Donaghy nor AAS provided Mr. Wooten with a company vehicle, nor did they reimburse him for his expenses of commuting between his residence and these worksites.

On Schedule A, Itemized Deductions, of their 2012 joint Federal income tax return petitioners claimed a $14,449 deduction for unreimbursed employee business expenses attributable to Mr. Wooten's automobile expenses for commuting between his residence and the temporary worksites and meals purchased while working at those temporary worksites.  To substantiate his expenses Mr. Wooten prepared a daily commuting log purporting to total the number of miles he drove each day to his worksite and back to his residence and

---

[2]Gulfport and Biloxi are adjacent cities.

the amount he spent each day on meals.  The log specifies the worksites Mr.

Wooten visited each day.  In the notice of deficiency respondent disallowed all of

petitioners' claimed unreimbursed employee business expense deduction.

Respondent now concedes that petitioners are entitled to an unreimbursed

employee business expense deduction of $6,306 for 2012.  Petitioners timely filed

a petition for redetermination.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally

presumed correct, and the taxpayer ordinarily bears the burden of proving those

determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115

(1933).  Deductions are a matter of legislative grace; the taxpayer bears the burden

of proving entitlement to deductions claimed, including the burden of maintaining

records needed to substantiate entitlement.  Sec. 6001; INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934); Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd

per curiam, 540 F.2d 821 (5th Cir. 1976).

Work-related travel expenses, such as expenses incurred for a taxpayer's

daily meals and for commuting between the taxpayer's residence and the

taxpayer's place of business, are generally nondeductible personal expenses

regardless of the distances involved. Sec. 262(a); see Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. One exception to this general rule, as petitioners argue, involves commuting to a temporary work location. See Bogue v. Commissioner, T.C. Memo. 2011-164, 102 T.C.M. (CCH) 41, 46 (2011), aff'd, 522 F. App'x 169 (3d Cir. 2013). This exception permits a taxpayer to deduct transportation expenses incurred in traveling between a taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer normally lives and works. See id.; Rev. Rul. 99-7, 1999-1 C.B. 361. The term "metropolitan area" is ill defined, and we therefore consider the facts and circumstances in deciding whether particular commuting expenses were incurred in traveling to a worksite unusually distant from the area where the taxpayer lives and normally works.

Mr. Wooten testified that Gulfport was his "normal work area". Therefore, the worksites in Gulfport and Biloxi are not outside the metropolitan area where he normally worked. Accordingly, petitioners may not deduct commuting expenses attributable to Mr. Wooten's employment at Donaghy. Given Mr. Wooten's recurring employment in Hattiesburg, Mississippi, we find that Hattiesburg is also not outside the metropolitan area where he normally worked.

Petitioners failed to establish that they meet any exception to the general rule that commuting expenses are nondeductible personal expenses. Accordingly, petitioners may not deduct commuting expenses attributable to Mr. Wooten's employment at AAS.

Traveling expenses are treated differently from commuting expenses. Some traveling expenses, including amounts expended for meals, may be deducted if they are incurred while the taxpayer is away from home in the pursuit of a trade or business. Sec. 162(a)(2). To deduct a travel expense, the taxpayer must show that (1) he or she was away from home when he or she incurred the expense, (2) the expense was reasonable and necessary, and (3) the expense was incurred in the pursuit of a trade or business. See Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999); see also Commissioner v. Flowers, 326 U.S. at 470. A taxpayer is considered "away from home" within the meaning of section 162(a)(2) if the taxpayer is on a trip that requires the taxpayer to stop for sleep or a substantial period of rest. See United States v. Correll, 389 U.S. 299 (1967); see also Strohmaier v. Commissioner, 113 T.C. at 115. Petitioners failed to introduce evidence that Mr. Wooten's meal expenses were incurred while he was "away from home" within the meaning of section 162(a)(2). Accordingly, petitioners are not entitled to a deduction for meal expenses.

Petitioners erroneously contend that they should be entitled to deduct Mr. Wooten's commuting expenses because they were permitted to deduct them for the prior year. Each tax year stands on its own and must be separately considered, and the Commissioner is not bound for any given year to allow a deduction permitted for a prior year. See United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969); Pekar v. Commissioner, 113 T.C. 158, 166 (1999). Furthermore, the determination as to the applicability of an exception to the general rule of nondeductibility of commuting expenses is factual and may change from year to year. We have considered the parties' other arguments, and to the extent not discussed herein, we find those arguments are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.