IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| WILLIAM J. HILL | ) | |
| and KIMBERLY D. HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 180191G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

This case, concerning the deductibility of daily transportation expenses, is ready for decision after cross-motions for decision without trial. Plaintiffs (taxpayers) appealed from Defendant's (the department's) Notice of Assessment for the 2014 tax year, dated April 6, 2018.[2]

## I. STATEMENT OF FACTS

The relevant facts are not disputed. During the year in question, Mr. Hill was a member and manager of an LLC ("the company") whose primary business was constructing and maintaining forestry and logging roads for a client. (Stip Facts, ¶¶ 3, 5.) Because that client owned a large amount of forest land in western Oregon and elsewhere, most or all of the company's income-producing work took place in the field. (*Id*., ¶ 5.) Mr. Hill worked primarily

---

[1] This Final Decision incorporates without change the court's Decision, entered December 11, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] After the close of the scheduled briefing period, taxpayers filed a letter requesting a decision in their favor because their Cross-Motion for Decision Without Trial was "essentially unopposed." The department had filed a motion for summary judgment, but did not file a response to taxpayers' cross-motion. The department also failed to respond to taxpayers' letter.

Litigants who do not respond to motions risk having the court grant those motions as unopposed. In this case, taxpayers' claim for attorney fees requires analysis of whether the department had a reasonable basis for opposing the relief requested by taxpayers in their Answer. The court treats taxpayers' cross-motion as implicitly opposed by the department's motion and proceeds to the merits.

in the field, operating equipment on a series of temporary road construction and maintenance projects. (*Id.*, ¶ 9.)

Although Mr. Hill spent most of his time working in the field, "his work also require[d] that he go to the office on a regular basis." (Stip Facts, ¶ 12.) Mr. Hill generally visited the company's office in Salem once per week to turn in accounting information to the bookkeeper. (*Id.*, ¶¶ 6, 11.) That included "information necessary to bill * * * for the Company's work as well as receipts for supplies purchased during the week." (*Id.*, ¶ 11.) He also visited the office as needed to pick up parts and supplies. (*Id.*)

Taxpayers lived in Salem. (Def's Mot Summ J at 2; Ptfs' Response at 5.) Except for the days he went to the office, Mr. Hill drove to and from each temporary job site from their home. (Stip Facts, ¶ 10.)

Taxpayers claimed a vehicle expense deduction for Mr. Hill's costs of daily travel between their home and his temporary job sites. (Stip Facts, Ex 1 at 1.) The department denied that deduction as to travel without an overnight stay. (*Id.*) Taxpayers now request that the court order the department to allow their entire mileage deduction and to award them attorney fees.

## II. ANALYSIS

The issues in this case are whether taxpayers should be allowed a mileage deduction for Mr. Hill's daily travel between his home and his job sites and whether they should be awarded attorney fees.

/ / /

/ / /

/ / /

/ / /

A.      *Mileage Deduction*

Because Oregon taxable income is identical to federal taxable income on this issue, the court looks to the Internal Revenue Code (IRC) and its administrative and judicial interpretations.  *See* ORS 316.022(6); 316.032(2).[3]

IRC section 162(a) allows a deduction for ordinary and necessary business expenses. Although expenses for business travel away from home are specifically deductible under section 162(a)(2), travelers are not considered "away from home" unless their trips require sleep or rest. *See United States v. Correll*, 389 US 299, 307, 88 S Ct 445, 19 L Ed 2d 537 (1967) (deferring to IRS commissioner's sleep or rest rule).  Any mileage deduction for daily transportation expenses must arise out of the more general business expense deduction.  Thus, car expenses "attributable to traveling from one assignment to another" are deductible.  *Heuer v. Comm'r*, 32 TC 947, 953 (1959), *aff'd*, 283 F2d 865 (5th Cir 1960), and acq., IRS Announcement Relating to: Heuer (IRS ACQ Dec 31, 1960).  Expenses for traveling between one's home and place of business— commuting—are generally considered personal and nondeductible.  Treas Reg § 1.262–1(5); *Fausner v. Comm'r*, 413 US 838, 93 S Ct 2820, 37 L Ed 2d 996 (1973).

The IRS has identified three exceptions under which deductions for daily transportation expenses between home and work are allowable: (1) the "temporary distant workplace exception"; (2) the "regular work location exception"; and (3) the "home office exception." *Bogue v. Comm'r* (*Bogue I*), 102 TCM (CCH) 41, WL 2709818 (TC 2011), *aff'd*, 522 Fed Appx 169 (3d Cir 2013).  The three exceptions are stated in the three numbered holdings of Revenue Ruling 99–7, 1999–1 CB:

/ / /

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

"(1) A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location *outside* the metropolitan area where the taxpayer lives and normally works. However, unless paragraph (2) or (3) below applies, daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location *within* that metropolitan area are nondeductible commuting expenses.

"(2) If a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location in the same trade or business, regardless of the distance. (The Service will continue not to follow the *Walker* decision.) [4]

"(3) If a taxpayer's residence is the taxpayer's principal place of business within the meaning of § 280A(c)(1)(A), the taxpayer may deduct daily transportation expenses incurred in going between the residence and another work location in the same trade or business, regardless of whether the other work location is *regular* or *temporary* and regardless of the distance."

(Emphasis in original.)

Taxpayers in the present case contend that the costs of Mr. Hill's travel between his home and his job sites in the field qualified for the second exception—the regular work location exception. The parties agree that the job sites in the field were temporary work locations. The contested point is whether the company office was a regular work location. Taxpayers argue that Mr. Hill's work-related visits to the office "on a regular basis" made it a regular work location. The department denies that Mr. Hill had any regular place of business, contesting both the status of the office as a work location and the regularity of his visits to the office.[5]

---

[4] The Commissioner's repudiation of *Walker v. Comm'r*, 101 TC 537 (1993), reflects a dispute with the U.S. Tax Court over whether the original formulation of the regular work location exception in Revenue Ruling 90–23, 1990–1 CB 28, permitted taxpayers to have a regular place of business in their home where their home was not their principal place of business. In *Walker*, the U.S. Tax Court held that it did. Subsequent revenue rulings state that a regular work location must be "away from the taxpayer's residence." Rev Rul 94–47, 1994-2 CB 18, *modified and superseded by* Rev Rul 99–7, 1999-1 CB 361. Given that modification, the U.S. Tax Court acknowledges that the conclusion in *Walker* is no longer applicable. *Strohmaier v. Comm'r*, 113 TC 106, 114 (1999).

[5] The department's brief further argues that an area in which a taxpayer has a series of temporary jobs is that taxpayer's tax home, citing *Ellwein v. United States*, 778 F2d 506 (8th Cir 1985). According to the stipulated facts, the client's forest properties were located "in western Oregon and elsewhere." (Stip Facts, ¶5.) Those facts do not suggest that Mr. Hill's temporary job sites were all located within the same area, and the department makes no additional allegation regarding the location of the job sites. The department has not raised an issue of fact or law

The regular work location exception was introduced by the IRS in Revenue Ruling 90–23, 1990–1 CB 28, and modified by subsequent revenue rulings. *Bogue I*, 2011 WL 2709818 at \*12. The version found in Revenue Ruling 99–7, quoted above, was current during the tax year at issue here. Although Revenue Ruling 99–7 does not define "regular work location," the U.S. Tax Court holds that the phrase bears the same meaning that "regular place of business" did in Revenue Ruling 90–23, except that a regular work location cannot be a taxpayer's residence.[6] *Id*. A regular work location is therefore any location other than the taxpayer's residence "at which the taxpayer works or performs services on a regular basis." *Id*. (Quoting Rev Rul 90–23.) "A taxpayer may be considered as working or performing services at a particular location on a regular basis whether or not the taxpayer works or performs services at that location every week or on a set schedule." Rev Rul 90–23 at 2.

Applying that definition to the present case, the department's one-sentence objection that "it does not appear [Mr. Hill] goes to the office on a regular schedule" is quickly resolved. (Def's Mot Summ J at 2.) There is no requirement that a taxpayer work at a location "on a regular schedule"; quite the contrary. *See* Rev Rul 90–23. Here, the parties have stipulated that Mr. Hill visited the office on a regular basis, generally once per week. That suffices under the definition found in Revenue Ruling 90–23 and applied to Revenue Ruling 99–23 by the U.S. Tax Court. *See Bogue I*, 2011 WL 2709818 at \*12. If Mr. Hill was "working or performing services" on those visits, the office will be a regular work location.

/ / /

/ / /

---

regarding Mr. Hill's tax home.

[6] *See* footnote 3 above regarding the dispute between the IRS and the U.S. Tax Court on whether a home can be a regular place of business without being a principal place of business.

The department's remaining argument is as follows:

> "The plaintiff did not have a regular place of business * * *. While it appears the taxpayer does go to the shop on occasion for accounting and supply reasons, he does not conduct his work there. Based on the stipulated facts, the taxpayer is a heavy equipment operator and performs his work on sites in the field where most or all of the income producing work is performed. Since he does not conduct his work there, it is not a work location. * * *."

(Def's Mot Summ J at 2.)

The cases provide limited guidance on the activities qualifying places as work locations. A taxpayer who generally works in the field may also have a work location for handling administrative tasks like telephone calls. *See Walker v. Comm'r*, 101 TC 537, 547 (1993). In *Walker*, the U.S. Tax Court described the work done by a tree faller at a regular work location as follows: "There, he contacted or was contacted by [his employer] several times each week to determine where his next job site would be. Petitioner repaired, maintained, and stored his tools and equipment at his workshop." *Id*.[7] However, a place of business that a taxpayer visits as a customer may not be a work location. *See Bogue v. Comm'r* (*Bogue II*), 522 Fed Appx 169, 171 (3d Cir 2013). In the appeal of the U.S. Tax Court's decision in *Bogue I*, the Third Circuit affirmed the lower court's holding that a contractor's visits to the bank and various building supply stores did not render those places regular work locations. *Id*. The court stated: "Construing a building supply store or bank as a 'regular work location' strains the meaning of 'work location,' as [the taxpayer] was at those locations as a customer, rather than a worker." *Id*. The court noted the taxpayer in *Bogue II* had not provided sufficient evidence that his trips to supply stores were for business rather than personal reasons. *Id*. at 171 n 4.

---

[7] Although the IRS disputed that court's conclusion that a residence could be a regular work location, its repudiation of *Walker* was not based on the court's finding that such services constituted work at a regular work location. *See* Rev Rul 94–47; footnote 3 above.

In the present case, Mr. Hill visited the company office to drop off paperwork and pick up supplies. His principal work for the company appears to have been operating equipment in the field; the facts do not indicate that his position as a manager entailed additional administrative responsibilities. Nevertheless, that paperwork was important to his company; it was necessary to bill the client. There is no doubt that Mr. Hill visited the office regularly for work purposes; it is not a question of his visiting a retail store where he might have purchased personal items, as in *Bogue II*. Mr. Hill's situation more closely resembles that of the taxpayer in *Walker*, who performed administrative and other tasks ancillary to his central duties at a work location.

The department's reference to "where most or all of [Mr. Hill's] income-producing work is performed" is misplaced. That consideration evokes the analysis employed by courts in determining whether a residence is a taxpayer's "principal place of business" under IRC section 280A(c)(1). *Cf. Comm'r v. Soliman*, 506 US 168, 174–78, 113 S Ct 701, 706, 121 L Ed 2d 634 (1993). The question of where a taxpayer principally works is resolved by consideration of "the relative importance of the activities performed at each business location and the time spent at each place." *Id.*, 506 US at 175. Determination of the principal place of business is relevant to the deductibility of some daily transportation expenses; a taxpayer whose residence qualifies as a principal place of business under section 280A(c)(1) can deduct expenses for daily travel between the residence and other work locations. *Curphey v. Comm'r*, 73 TC 766, 777–78 (1980); Rev Rul 99–7 (stating home office exception in its third holding). However, a regular work location need not be the principal work location. The principal place of business is the unique place that is "most important, consequential, or influential," *Soliman*, 506 US at 174 (quoting *Webster's Third New International Dictionary* 1802 (1971)), whereas Revenue Ruling

99–7 explicitly contemplates that a taxpayer may have "one or more regular work locations." Whether Mr. Hill did more work or produced more income outside the company office does not determine whether the office was a regular work location for him.

The court finds that the company office was a regular work location for Mr. Hill within the meaning of Revenue Ruling 99–7. The parties agree that Mr. Hill's other job sites were temporary. No issue has been raised as to the adequacy of taxpayers' documentation. Accordingly, taxpayers are entitled to a mileage deduction for Mr. Hill's travel between his home and his temporary job sites, as well as between his temporary job sites and the company office. No deduction is allowable for any travel by Mr. Hill between taxpayers' home and the company office; such travel would fall outside of Revenue Ruling 99–7 because the office was not a temporary work location.

B.      *Attorney Fee Award*

ORS 20.105(1) states:

> "In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

The text of ORS 20.105(1) applies to "any civil action, suit or other proceeding in * * * the Oregon Tax Court[.]" The Magistrate Division is "in the Oregon Tax Court." ORS 305.498(1). Although the court is unaware of any prior award of attorney fees by a magistrate, the statute allows the possibility. A prevailing party qualifies for attorney fees where the opposing party either willfully disobeys a court order or asserts a claim, defense, or ground for appeal with "no objectively reasonable basis."

In its Answer, the department stated its defense as follows: "The defendant disagrees the plaintiff should receive vehicle expenses as unreimbursed employee business expense." The department argued for its position on the ground that the company office was not a regular work location for Mr. Hill.

Neither the text of Revenue Ruling 99–7 nor any case of which the court is aware specifically rejects the department's position that only locations where principal job duties are performed can be regular work locations. Furthermore, *Bogue II* holds that some locations regularly visited in the course of employment—such as banks and retail stores—may not be work locations under Revenue Ruling 99–7. 522 Fed Appx at 171. Because the cases and administrative rulings leave room for debating what is a work location, the court does not find that the defense asserted by the department in its Answer had "no objectively reasonable basis."

III. CONCLUSION

Based on the parties' stipulated facts, the court finds that the company office was a regular work location of Mr. Hill within the meaning of Revenue Ruling 99–7, but does not find that the department lacked any reasonable basis for disputing that conclusion. Now, therefore,

IT IS THE DECISION OF THIS COURT that taxpayers are allowed mileage deductions for Mr. Hill's daily travel between his home and his temporary job sites and between his temporary job sites and the company office. No deduction is allowed for Mr. Hill's travel between the company's office and taxpayers' home.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that taxpayers' request for attorney fees is denied.

Dated this ____ day of January, 2019.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on January 2, 2019.*