IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ERIC D. YEAGER,                          )
                                         )
            Plaintiff,                   )      TC-MD 190280R
                                         )
      v.                                 )
                                         )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                         )
            Defendant.                   )      **DECISION**

Plaintiff appealed Defendant's Notice of Assessment, dated May 15, 2019, for the 2015

tax year. A trial was held on November 22, 2019, in the courtroom of the Oregon Tax Court.

Eric D. Yeager (Yeager) appeared and testified on his own behalf. Nika Shadrin appeared on

behalf of Defendant but did not testify. Plaintiff's Exhibits 1 to 7 were received into evidence

without objection. Defendant's Exhibits A to I were received into evidence without objection.

## I. STATEMENT OF FACTS

Yeager lives in Albany, Oregon, where he has lived since 1974. He has been a member

of I.B.E.W. Local Union No. 659 ("the Union") since 1999. (Ex 2 at 1.) When Yeager has

placed himself on the Union's hiring list, he has been assigned temporary work assignments with

various companies as a tree trimmer. All of Yeager's job assignments with the Union have

lasted less than one year. After receiving an assignment, Yeager contacts a company supervisor

who informs him of the meeting location. At that location, Yeager meets up with other workers

and usually boards a company truck to travel a brief distance to the actual work site.

Yeager was assigned tree trimming work through the Union in the Corvallis and Lebanon

areas from 1999 to 2004. In 2004, Yeager was injured, and he stopped performing Union tree

trimming work but performed other types of work in the Albany/Lebanon area. In August 2014,

Yeager put himself back on Union's work list. He requested the Union to assign him work in the Albany/Lebanon area, which it had agreed to do when work there became available. During the 2014 and 2015 tax years Yeager was not assigned any work in the Albany/Lebanon area. During the 2015 tax year Yeager drove to work locations, assigned by the Union, as follows: 81 days in Portland; 10 days in Seaside; 54 days in Gearhart; 9 days in Tillamook; and 30 days in Astoria. (Ex I.) Yeager claimed 43,810 miles equating to $25,191 in unreimbursed mileage expense on his 2015 return. (Ex 6 at 5.) Defendant denied the mileage expense based on two theories: first, Yeager may have been entitled to mileage reimbursement based on his Union contract and his failure to seek reimbursement precludes the deduction; second, Yeager's travel miles represented non-deductible commuting miles because his temporary work locations were outside the metropolitan area where he normally lived and worked.

Yeager submitted a copy of a Union agreement effective April 1, 2018 through December 31, 2021. Article 7.6 of that agreement states: "[t]he Employer shall pay for traveling time and furnish transportation for all employees from the place where they report for work each day and return to the same place at the end of each workday on all work within the jurisdiction of the Union." (Ex G at 15.) Article 8.3(a) states: "All employees working out of a Reporting Headquarters shall be reimbursed for travel time at a rate of one dollar ($1.00) per mile one-way." (*Id.* at 1.) The Union's Business Manager, Travis Eri, wrote a letter dated March 30, 2018, stating Yeager was not entitled to reimbursement for his mileage under the Union contract. (Ex H at 1.) Yeager testified that mileage reimbursement was only authorized in very select remote areas and in 2015 he was not given any such assignments.

/ / /

/ / /

## II. ANALYSIS

The issue to be decided is whether Plaintiff's mileage for traveling between his residence in Albany to temporary work locations in Portland, Seaside, Gearhart, Tillamook and Astoria, were deductible business expenses under section 162(a) of the Internal Revenue Code (IRC). The IRC is relevant here, because the Oregon Legislature makes "personal income tax law identical in effect" to the IRC for purposes of determining taxable income of individuals, where possible. ORS 316.007.[1] Plaintiff in seeking affirmative relief, bears the burden of proof for evidentiary matters. ORS 305.427.

IRC section 162(a) allows deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Conversely, IRC section 262(a) disallows deductions for "personal, living, or family expenses."

### A.     Right to Mileage Reimbursement

For mileage expenses to be deductible, the taxpayer must not have received reimbursement and must not have the right to obtain reimbursement from his or her employer. *Orvis v. Comm'r*, 788 F2d 1406, 1408 (9th Cir 1986).

Defendant asserts that Yeager may have had a right to reimbursement of his commuting mileage under the Union contract and he failed to make the request from his employer. Defendant also points out that the Union contract submitted into evidence covers a period after the tax year in issue. While it is true that the Union contract submitted into evidence relates to a later tax year, Yeager's testimony and a letter from the Union persuasively clarify that Yeager was not eligible for reimbursement for his commuting miles during the 2015 tax year. The court is persuaded that the Union contract submitted was substantially similar to the one in force

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

during the tax year in issue and that Defendant misinterpreted the conditions under which Yeager was entitled to reimbursement.

B.      *Deductibility for Cost of Commuting to Remote Work Locations*

Generally, a taxpayer cannot deduct the cost of commuting between the taxpayer's residence and their place of business, except where the taxpayer travels "away from home in the pursuit of a trade or business." IRC § 162(a)(2); Treas Reg §1.162-(2)(e); *Comm'r v. Flowers*, 326 US 465, 66 S Ct 250, 90 L Ed 203 (1946). The court has interpreted the term "home" to mean their tax home, which is their "principal place of business or employment." *Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004).

In *Bogue v. Comm'r*, the US Tax Court succinctly identified three exceptions to the commuting rule cited above:

> "The first exception is that expenses incurred traveling between a taxpayer's residence and a place of business are deductible if the residence is the taxpayer's principal place of business (home office exception). The second exception is that travel expenses between a taxpayer's residence and temporary work locations outside of the metropolitan area where the taxpayer lives and normally works are deductible (temporary distant worksite exception). The third exception is that travel expenses between a taxpayer's residence and temporary work locations, regardless of the distance, are deductible if the taxpayer also has one or more regular work locations away from the taxpayer's residence (regular work location exception)."

102 TCM (CCH) 41 (TC 2011) at *6, *aff'd*, 522 Fed Appx 169, 2013-1 U.S. Tax Cas. ¶ 50354 (3d Cir 2013).

The first exception does not apply because Yeager's principal place of business was not his personal residence. The third exception does not apply because Yeager did not have any regular work location during the 2015 tax year.

The second exception, for commuting to temporary distant worksites, has a two parts — first, the work location must be "temporary," which means "realistically expected to last (and

does in fact last) for 1 year or less[.]" Rev Rul 99–7, 1999–1 CB 361, 1999 IRB LEXIS 12 (Feb 1999) (Rev Rul 99–7) (emphasis in original). Second, the work location must be "outside the metropolitan area where the taxpayer lives *and* normally works." *Id*. (emphasis changed from original). This means the taxpayer must live and normally work in the *same* metropolitan area. *Austin v. Dept. of Rev.,* 20 OTR 20, 23 (2009); *Aldea v. Comm'r*, 79 TCM (CCH) 1917 (TC 2000).

The parties do not dispute that Yeager's work assignments were temporary. They disagree on the term "normally" as it relates to the period of time the court should take under consideration. Yeager argues that the court should use a longer time period, noting that he has generally worked in his metropolitan area since 1999. Further, he argues that his Union representative hired him for the Albany/Lebanon area in 2014, even though he did not receive assignments in that area during 2014 or 2015. From these facts Yeager argues that this normal work area over the years has been Albany/Lebanon. Defendant argues the court focus should be on a shorter time period, limited to around 2015, in which Yeager did not work at all in the metropolitan area where he lived.

Defendant's position is supported by this court's decision in *Austin*. In that case, the court analyzed what it means to "normally" work and live in the same metropolitan area. There the court found that there is no bright-line test on what the term normally means. Instead, the court must look at all of the facts and circumstances on a case-by-case basis. *Austin,* 20 OTR at 25. In that case the court looked at the percentages of travel during the period of 1997 through 2003, of which the last two years were in issue. Rather than utilize a quantitative approach, the court there used a qualitative approach and found the taxpayer did not normally work in the area where he lived. *Id*. at 27.

Plaintiff's position is not persuasive under either argument. If the court looks at his normal work location over a period of two years, 2014 and 2015, he has not worked and lived in the same metropolitan area at all. In looking at a longer period of time, the court does not agree with Yeager's argument that work he performed for other employers in the prior decade can be joined to the work he performed for the Union. Further, the Union's agreement to assign him work in the Albany/Lebanon area remained theoretical and was not indicative of his actual work locations during the 2015 tax year.

## III. REQUESTS FOR COSTS AND DISBURSMENTS

Plaintiff filed his Statement for Costs and Disbursements on December 4, 2019, requesting a total of $1,040.50 for the following items: "filing fee" ($265); "attorney consultation" ($349); and "attorney consultation" ($426.50). Defendant did not file an objection.

The Magistrate Division has discretionary authority under ORS. 305.490 (2019) to award costs and disbursements to a prevailing party. *Wihtol I v. Dept. of Rev.,* 21 OTR 260, 267-68 (2013). Tax Court Rule–Magistrate Division (TCR–MD) 16 A defines "costs and disbursements" as "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, including the filing fee; statutory fees for witnesses; the necessary expense of copying of any public record, book, or document used as evidence for trial." Here, Plaintiff itemized only one recoverable cost--$265 for the filing fee. The two requests for "attorney consultation" appear to be for legal and expert services, neither of which is recoverable as costs and disbursements. *See Kaur v. Clackamas County Assessor,* TC-MD 180242G, WL 259507 (Or Tax M Div Jan 18, 2019).

Under TCR–MD 16 B, "costs and disbursements may be allowed to the prevailing party." *Wihtol v. Multnomah County Assessor,* TC-MD 120762N, WL 274126 a*2 (Or Tax M Div Jan

24, 2014). Under ORS 20.077(2) (2019), the prevailing party is "the party who receives a favorable judgment or arbitration award on the claim." Plaintiff filed his appeal, seeking reimbursement for mileage during the 2015 tax year. In its analysis above, the court did not find that Plaintiff's travel expenses for 2015 were deductible; therefore, Plaintiff is not the prevailing party and not entitled to costs.

## IV. CONCLUSION

Yeager did not normally work in the metropolitan area in which he resided during the tax year in issue. Therefore, transportation expenses to travel to temporary job sites in other metropolitan areas were nondeductible commuting costs. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements is denied.

Dated this _____ day of May 2020.

 

 

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on May 12, 2020.*